**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Decor Team LLC, et al., | No. CV-19-05346-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Kevin K McAleenan, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion to Compel Additional Discovery (Doc. 27). Defendants filed a Response in Opposition (Doc. 33). No Reply was filed. For reasons that follow the Motion is denied.

**I. BACKGROUND**

Plaintiffs Décor Team, LLC and Shai Avisira filed a Complaint for Declaratory Relief under the Administrative Procedure Act ("APA"), challenging the United States Citizenship and Immigration Services' ("USCIS") denial of their Immigrant Petition for Alien Worker ("I-140 petition"). (Doc. 1.) In the I-140 petition, Décor Team, on Mr. Avisira's behalf, applied to have Mr. Avisira classified as an employment-based immigrant under section 203(b)(1)(C) of the Immigration and Nationality Act. (Doc. 20 at 2.) Filing an I-140 petition is a preliminary step in obtaining an EB-1C immigrant visa (permanent residence or "green card" visa), which may be issued to "[c]ertain multinational executives and managers" who serve "in a capacity that is managerial or executive." (Doc. 1 at 2, ¶ 2); (Doc. 33 at 12.)

Prior to and after the filing of the I-140 petition, Mr. Avisira sought and obtained numerous L-1A visas (temporary non-immigrant status), the most recent of which expires on May 8, 2020. (Doc. 1 at 2-3, ¶¶ 3, 4, 23); (Doc. 28 at 7, ¶ 9.) An L-1A visa may be issued to "an alien who within the preceding three years has been employed abroad for one continuous year by a qualifying organization" and who will be employed by that employer in the United States "in a capacity that is managerial, executive, or involves specialized knowledge . . . ." 8 U.S.C. § 1101(a)(15)(L); 8 C.F.R. § 214.2(l).

On July 30, 2019, USCIS denied Plaintiffs' I-140 petition because it found that Plaintiffs failed to establish that the position here and the position abroad qualified as managerial and/or executive positions. (Doc. 33 at 12) (*citing* CAR at 1-10.) Plaintiffs allege in the Complaint that the denial of Mr. Avisira's I-140 petition was arbitrary, capricious, or an abuse of discretion because USCIS previously granted him temporary L-1A visas, which have the same "managerial and executive capacity" criterion as the I-140 classification. (Doc. 1 at 3, ¶ 50.)

Defendants filed the certified administrative record ("CAR") in this Court on February 21, 2020. (Docs. 20-26.) After receiving the record, Plaintiffs moved to compel discovery of the previously filed and approved L-1A petitions. (Doc. 27.) Plaintiffs argue that the L-1A petitions are part of the administrative record and should therefore be produced by Defendants. (Doc. 27 at 2.) Plaintiffs alternatively urge the Court to compel additional discovery beyond the administrative record. (*Id*. at 3.) Defendants respond that the L-1A petitions are not part of the administrative record because USCIS did not rely on them when it denied Mr. Avisira's I-140 petition. (Doc. 33 at 6.) Defendants additionally argue that Plaintiffs have not carried the heavy burden to show that the L-1A petitions are necessary for the Court to adequately address the agency's final decision. (Doc. 33 at 11.)

## II. LEGAL STANDARDS

Generally, judicial review of agency action is confined to the administrative record. *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1438 (9th Cir. 1988). A party wishing to conduct discovery or add to the administrative record must overcome the presumption

that the agency properly designated the record. *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007) (*citing Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993)). The Ninth Circuit has established four narrow exceptions to the general rule that discovery and expansion of judicial review are not generally permitted in APA proceedings. *Southwest Center for Biological Diversity v. United Sates Forest Service*, 100 F.3d 1443, 1450 (9th Cir. 1996). The expansion of judicial review and discovery may be allowed where: (1) it is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record, (3) where it is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of bad faith by the agency. *Id.* (internal citations and quotations omitted). Whether limited discovery should be permitted under the APA is a separate question from whether the administrative record should be expanded to include documents produced in discovery. *See Public Power Council v. Johnson*, 674 F.2d 791, 794-95 (9th Cir. 1982). But the same four exceptions apply to both. *Animal Defense Council*, 840 F.2d at 1438 (addressing certain circumstances that may justify expanding review beyond the record or permitting discovery).

### III. DISCUSSION

The only exception to the rule raised by Plaintiffs is the second. They argue that the L-1A applications are part of the administrative record because they were either directly or indirectly considered by USCIS when it denied their I-140 petition. (Doc. 27 at 5); (Doc. 33 at 11.) Plaintiffs claim, without citation to the record, that USCIS "must have" considered the L-1A applications because Plaintiffs referenced them in their response to the Defendants' Request for Evidence. (Doc. 27 at 5.) As Defendants point out, however, the agency decision makes no reference to the L-1A applications or the materials submitted in furtherance thereof. (CAR at 1-11.) Plaintiffs' passing reference to the L-1A applications in their I-140 petition (*see* CAR at 672-74) does not mean that USCIS considered them when it denied the petition, particularly since the agency denied the I-140 petition *in spite of* the L-1A approvals. Because the agency action must be upheld, if at

all, based on the basis articulated by the agency, *see Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983)—and because there is no evidence that the agency considered the L-1A applications and approvals—Plaintiffs' request to supplement the administrative record is denied.

Turning to Plaintiffs' alternate request for discovery, Plaintiffs do not explain why they no longer possess their own prior L-1A applications and approvals.[1] Nor do they argue that discovery is appropriate under any of the other three exceptions articulated by the Ninth Circuit. Because the Court does not agree that USCIS relied on the L-1A applications and approvals when it denied Plaintiffs' I-140 petition, discovery on that basis is not appropriate. Plaintiffs' request for discovery is denied.

### III. CONCLUSION

**IT IS ORDERED** denying Plaintiffs' request to supplement the administrative record (part of Doc. 27).

**IT IS FURTHER ORDERED** denying Plaintiffs' request for discovery (part of Doc. 27).

Dated this 23rd day of March, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

---

[1] Plaintiffs admit that they previously filed a Complaint in this district, challenging the denial of his most recent L-1A application. (Doc. 1 at 3, ¶ 4.)

- 4 -