**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Decor Team LLC, et al., | No. CV-19-05346-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Kevin K McAleenan, et al., | |
| Defendants. | |

Plaintiffs filed a Motion for Temporary Restraining Order (Doc. 28) (the "Motion" or "TRO"). Defendants filed a Response in Opposition (Doc. 34). No Reply was filed. For reasons that follow the Motion is denied.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Décor Team, LLC is an Arizona company that specializes in premium custom curtains and home dressing solutions. (Doc. 28 at 6, ¶ 3.) Décor Team is a subsidiary of Deco Team Curtains and Upholstery, an Israeli company. (*Id*.) Plaintiff Shai Avisira, a citizen of Israel, is the CEO of Décor Team. (Doc. 28 at 6, ¶ 4); (Doc. 20 at 23.) Mr. Avisira is not a United States citizen. Defendants are the Acting Secretary of the Department of Homeland Security, the Acting Director of the United States Citizenship and Immigration Services ("USCIS"), the Associate Director of USCIS Service Centers, and the Director of the USCIS California Service Center, sued in their official capacities. (Doc. 1 at 4-5, ¶¶ 8-11.) This action arises out of Décor Team's application to secure employment-based permanent resident status for Mr. Avisira. (Doc. 1.)

In May 2013, USCIS approved Mr. Avisira for an initial L-1A visa (temporary non-immigrant status). (Doc. 1 at 12, ¶ 21.) An L-1A visa is available to "an alien who within the preceding three years has been employed abroad for one continuous year by a qualifying organization" and who will be employed by that employer in the United States "in a capacity that is managerial, executive, or involves specialized knowledge . . . ." (Doc. 1 at 12, ¶ 21); 8 U.S.C. § 1101(a)(15)(L); 8 C.F.R. § 214.2(l). An L-1A visa may be extended in increments of up to two years, but the total period of stay may not exceed seven years for executives or managers. 8 C.F.R. § 214.2(l)(15)(ii). After Mr. Avisira's initial L-1A visa was approved, he sought and obtained numerous extensions, the final of which expires on May 8, 2020. (Doc. 28 at 7, ¶¶ 6- 9.)

Perhaps anticipating the end of his L-1A visa eligibility, on May 2, 2018, Décor Team, on Mr. Avisira's behalf, submitted paperwork to USCIS for an employment-based EB-1C immigrant visa, which is commonly referred to as a permanent residence or a green-card visa. (Doc. 1 at 2, ¶ 2); (Doc. 33 at 12.) An EB-1C may be issued to "[c]ertain multinational executives and managers" who serve "in a capacity that is managerial or executive." 8 U.S.C. § 1153(b)(1)(C). An EB-1C may be awarded based on a completed I-140 petition, which is a document administered by the USCIS. (Doc. 1 at 13, ¶ 24); (Doc. 28 at 6, ¶ 5.) Filing an I-140 petition is a preliminary step in obtaining an EB-1C immigrant visa. 8 U.S.C. § 1154(a)(1)(F); (Doc. 34 at 10.)

On July 30, 2019, USCIS denied Plaintiffs' I-140 petition because it found that Plaintiffs failed to establish the position in the United States and the position abroad qualified as managerial and/or executive, and because it found that Décor Team did not establish its ability to pay Mr. Avisira's proffered wage. (Doc. 20 at 1-11); *see* 8 C.F.R. § 204.5(g)(2), (j)(2). Plaintiffs did not appeal the denial of their I-140 Petition to the Administrative Appeals Office, (Doc. 1 at 6, ¶ 14), but filed a Complaint for Declaratory Relief Under the Administrative Procedure Act in this Court on October 8, 2019 (Doc. 1). Plaintiffs allege in the Complaint that the denial of Mr. Avisira's I-140 petition was arbitrary, capricious, or an abuse of discretion because USCIS previously granted him

| | |
|---|---|
| 1 | temporary L-1A visas, which have the same "managerial and executive capacity" criterion |
| 2 | as the I-140 classification. (Doc. 1 at 3, ¶ 50.) They also challenge USCIS' application |
| 3 | of the "ability to pay" factors. (Doc. 1 at 28-31, ¶¶ 62-69.) |
| 4 | Plaintiffs filed the Motion on February 28, 2020, asking the Court to "maintain the |
| 5 | lawful presence" of Mr. Avisira and his derivative spouse, pending the outcome of this |
| 6 | case. (Doc. 28 at 5.) Otherwise, Mr. Avisira's unlawful presence (assuming he remains in |
| 7 | the United States) will begin to accrue on May 18, 2020, ten days after his L-1A status |
| 8 | expires. (Doc. 28 at 7, ¶ 9.) Defendants argue that the Motion should be denied because |
| 9 | it requests relief that is unrelated to the unlawful conduct alleged in the Complaint. (Doc. |
| 10 | 34 at 9-11.) |

## II. LEGAL STANDARDS

"A court's equitable power lies only over the merits of the case or controversy before it." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). When a plaintiff seeks injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Id.* at 636. This means that any grant of injunctive relief must be "of the same character as that which may be granted finally." *Id*. *(citing De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). Without that nexus, the Court lacks authority to grant the injunctive relief requested. *Pac. Radiation Oncology, LLC*, 810 F.3d at 636; *see also De Beers Consol. Mines*, 325 U.S. at 220 (denying preliminary injunction because it "deal[t] with property which in no circumstance can be dealt with in any final injunction that may be entered").

## III. DISCUSSION

The temporary relief sought in the TRO is different than what is requested in the Complaint for administrative review. Plaintiffs' Complaint asks that the Court reverse the USCIS decision denying their I-140 petition for EB-1C status. (Doc. 1 at 38.) The Motion, on the other hand, asks for a temporary restraining order on the expiration of Mr. Avisira's L-1A status. (Doc. 28 at 5.) The threshold question for purposes of ruling on the Motion,

therefore, is whether the granting of an I-140 petition is "of the same character" as extending an L-1A visa. The Court finds that it is not.

An approved L-1A petition allows a foreign citizen employed abroad to work, temporarily, for the same company in the United States in a managerial, executive, or specialized position. *Herrera v. U.S. Citizenship and Immigration Services*, 571 F.3d 881, 883 (9th Cir. 2009) (*citing* 8 U.S.C. § 1101(a)(15)(L)). In contrast, an approved I-140 petition is part of a three-step process for obtaining an EB-1C visa, which affords lawful permanent residency.

To obtain lawful permanent resident status, the Department of Labor must first issue a labor certification to the sponsoring employer. 8 U.S.C. § 1182(a)(5)(A)(i). Second, the employer must file an I-140 petition on behalf of the immigrant worker with USCIS. 8 U.S.C. § 1154(a)(1)(F); (Doc. 1 at 2, ¶ 2); (Doc. 34 at 4.) Third, if the I-140 petition is approved, the immigrant worker may either apply for adjustment of status from within the United States by filing a Form I-485, or the employee may initiate the process toward permanent residency by applying for an immigrant visa from the State Department at the United States consular post in his or her home country. 8 U.S.C. § 1255(a); 22 C.F.R. §§ 42.32(e), 42.41, 42.42; (Doc. 34 at 11); (Doc. 28 at 8, ¶ 10.)

Importantly, the granting of an I-140 petition does not entitle the beneficiary to remain in the United States; nor does it guarantee lawful permanent resident status. (Doc. 34 at 10.) For one, the employer may revoke an approved I-140 petition at any time prior to the beneficiary's adjustment or change of status. 8 C.F.R. § 103.2(b)(6). And even if an I-140 petition is granted, an immigrant worker will still be considered ineligible for employment-based adjustment of status if he or she was "in unlawful immigration status on the date of filing the application for adjustment of status . . . ." 8 U.S.C. §§ 1255(c); *Xiao Lu Ma v. Sessions*, 907 F.3d 1191, 1197 (9th Cir. 2018). This includes beneficiaries of "an approved work-visa petition," such as the L-1A visa, who have accrued more than 180 days out of lawful status prior to applying for adjustment. *See Xiao Lu Ma*, 907 F.3d at 1197; 8 U.S.C. § 1255(k)(2)(A).

In this case the Complaint concerns the denial of Plaintiffs' I-140 petition. It does not concern Mr. Avisira's status or the potential accrual of unlawful presence after his L-1A visa expires. Because an approved I-140 petition is merely a preliminary step in the EB1-C process, granting Plaintiffs the relief they seek in the Complaint would not, in and of itself, affect Mr. Avisira's status or afford him any right to remain in the United States. Despite this, the Motion requests an order maintaining Mr. Avisira's lawful presence in the United States. The relief requested in the Motion is not relief that may be finally available to Mr. Avisira in these proceedings. Without that required nexus, the Court lacks authority to grant the Motion.

## IV. CONCLUSION

**IT IS ORDERED denying** Plaintiffs' Motion for Temporary Restraining Order (Doc. 28.)

Dated this 31st day of March, 2020.

Michael T. Liburdi
United States District Judge